HENRY A. and GEORGE W. CASTOR, plaintiffs in error, vs. DAVIS PACE, defendant in error.

On the death, pending a suit, of one of two joint administrators sued for a devastavit, a suggestion of the death may be made of record, and the action may proceed against the survivor.

Debt, from Dougherty county.   Decision by Judge ALLEN, at December Term, 1857.

This was an action of debt by Henry A. and George W. Castor, against Davis Pace and John F. Spicer, administrators of John S. Wilkerson, deceased, suggesting a devastavit.

The case being called for trial on the appeal, plaintiffs suggested on the record the death of Spicer, and moved to proceed against Pace, the surviving defendant and administrator.

The Court refused the motion, and ordered the proceedings in the case to be stayed until the representatives of Spicer were made parties defendants.   To which decision plaintiffs counsel excepted.

VASON & DAVIS, for plaintiffs in error.

LYON & IRWIN, for defendant in error.

*By the Court*—McDONALD, J. delivering the opinion.

This was an action suggesting a devastavit on a judgment

obtained by the plaintiffs, against John F. Spicer and Davis Pace, as administrators on the estate of John S. Wilkerson. During the pendency of this suit John F. Spicer died, and when the cause was called for trial, the plaintiffs moved to suggest his death on the record, and to be permitted to proceed to trial against the survivor, Davis Pace. The Court below refused the motion, and the decision is excepted to.

If the cause of action survives against the defendant, Pace, the decision is erroneous; otherwise, it is right. "Executors or administrators of executors or administrators were not, at common law, liable for the *devastavits* of those they represented, because they could not be supposed to know how their testators or intestates had disposed of the goods; and therefore, this was esteemed *actio personalis quæ moritur cum persona. Bar. Al. Ex. and Ad., p.* 3. By the statute of 4 and 5 *Will. and Mary,* it is enacted that all and every the executor and executors, admininistrator or administrators of such executor or administrator of right, who shall waste or convert to his own use goods, chattels or estate of his testator or intestate, shall from thenceforth be liable and chargeable in the same manner as his or their testator or intestate should or might have been. *Schley's Digest,* 287.

An action for a devastavit does not now die with the person, and therefore, may be revived against the executor or administrator of a deceased executor or administrator. But because it may be revived against the executor or administrator of Spicer, the deceased co-administrator with Pace, does the suit abate as to Pace, or must its progress be arrested until the representatives of Spicer can be made a party? We think not. Each administrator is liable for his own devastavit. If the devastavit is joint, and both are equally culpable, each one is liable for the whole; and under special circumstances, an administrator may be liable for the devastavit of his co-administrator. Before the enactment of these statutes and the one which I now proceed to refer to,

the action no doubt abated, but by the Act of 8 and 9 William III, if there be two or more plaintiffs or defendants, and one or more of them should die, if the cause of action should survive to the surviving plaintiff or plaintiffs, or against the surviving defendant or defendants, the writ or action shall not be thereby abated ; but such death being suggested upon the record, the action shall proceed at the suit of the surviving plaintiff or plaintiffs, against the surviving defendant or defendants.   It was insisted in the argument, however, that according to the literal interpretation of this Act, to authorize the suit to proceed against a surviving defendant or defendants, one of the plaintiffs must have died that it might continue in the name of the surviving plaintiff or plaintiffs. That is rather too literal a view of it, and is not the meaning of the statute.

We think the action survived against Pace, and that the Court ought to have allowed the motion of plaintiff's counsel, to suggest the death of Spicer of record, and to proceed to trial.

Judgment reversed.